```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

FRANK CALABRESE,                )
                                )
     Plaintiff,                 )
                                )
  vs.                           )   Case No.
                                )   1:24-CV-05372
COOK COUNTY BOARD OF REVIEW,    )
SAMANTHA STEELE, and DAN        )
BALANOFF,                       )
                                )
     Defendants.                )   November 26, 2024
_____)   Chicago, Illinois


                    TELEPHONIC MOTION HEARING
                        NOVEMBER 26, 2024
             BEFORE THE HONORABLE JORGE L. ALONSO
                 UNITED STATES DISTRICT COURT


TELEPHONIC APPEARANCES:

FOR THE PLAINTIFF:       MR. MATTHEW RYAN CUSTARDO
                         CUSTARDO LAW LLC
                         650 Warrenville Road, Suite 100
                         Lisle, Illinois 60532


FOR DEFENDANT            MS. JESSICA MEGAN SCHELLER
COOK COUNTY BOARD:       OFFICE OF COOK COUNTY STATE'S ATTORNEY
                         500 Richard J. Daley Center
                         Chicago, Illinois 60602

                         MS. REBECCA MIRIAM GEST
                         COOK COUNTY STATE'S ATTORNEY'S OFFICE
                         50 West Washington Street, 5th Floor
                         Chicago, Illinois 60602

FOR DEFENDANT            MS MIA BUNTIC
STEELE and BALANOFF:     COOK COUNTY STATE'S ATTORNEY'S OFFICE
                         50 West Washington Street, Suite 2760
                         Chicago, Illinois 60602.
```

1  TELEPHONIC APPEARANCES (Continued)

3              COOK COUNTY STATE'S ATTORNEY'S OFFICE
               DORTRICIA PENN
4              500 Richard J. Daley Center
               Chicago, Illinois 60602

9  OFFICIAL REPORTER:    Angela Phipps, RMR, CRR, FCRR
                         219 South Dearborn, Suite 1902
10                       Chicago, Illinois 60604

23  Proceedings reported by stenotype.  Transcript produced by
24  computer-aided transcription.

1       (Proceedings had in open court, via teleconference.)

2       THE COURT: Let's call Calabrese vs Cook County Board,
3  24 CV 5372.

4       MR. CUSTARDO: Good morning, Your Honor. Matthew
5  Custardo on behalf of the plaintiff, Frank Calabrese.

6       MS. GEST: Good morning, Your Honor. Rebecca Gest on
7  behalf of the Cook County Board of Review.

8       MS. SCHELLER: Good morning, Your Honor. Jessica
9  Scheller, also on behalf of the Cook County Board of Review.

10      MS. PENN: Good morning, Your Honor. Dortricia Penn
11 on behalf of Samantha Steele and Dan Balanoff.

12      MS. BUNTIC: Good morning, Your Honor. Mia Buntic on
13 behalf of Samantha Steele and Dan Balanoff.

14      THE COURT: Okay. All of the attorneys are present.

15      It was previously reported that the parties had
16 reached an agreement in principal, and that's what brings us
17 here today.

18      There's a motion to enforce. That's number 24. It is
19 defendant's motion to enforce a settlement.

20      There's also the issue of the motion for preliminary
21 injunction. The docket doesn't show it as pending, but it is
22 pending. That's number 20. And we have a response from
23 Mr. Custardo; I think just this morning or last night.

24      And the motion itself in terms of legal analysis, it's
25 basically contained in one section in a couple of paragraphs on

1 page number 4. It's a little light in terms of authority. The
2 response, or opposition, also doesn't really attempt to engage
3 on legal argument.
4     Mr. Calabrese himself filed a statement. It doesn't
5 appear that the facts are in dispute.
6     Mr. Custardo, do you think that's fair?
7     MR. CUSTARDO: I think that's fair, Your Honor. I
8 think that the parties did agree to this settlement in
9 principal about two terms, which was the $180,000 settlement
10 payment and then this general concept of a stipulation. So
11 that's definitely not in dispute.
12     But there were other terms that should have been
13 included in a written settlement agreement. Obviously, the
14 parties decided we need to memorialize this in a written
15 settlement agreement.
16     Coming to agreement about two terms is like we agreed
17 on the color obtained for the type of flooring for our house
18 but we never agreed or signed off on blueprints for the
19 foundation, the walls, or the roof.
20     So, you know, all these other critical details
21 remained unresolved, and we could not come to an agreement
22 between the parties. So without that kind of agreement,
23 there's no enforceable -- there's no house for the blueprint.
24 There's no settlement here. We just couldn't come to an
25 agreement.

1 THE COURT: All right. Ms. Gest, I'm sure you
2 disagree with that analysis regarding how material these facts
3 are beyond the color of the paint. But a question for the
4 defendants, what would that settlement look like? There's no
5 question that there were some unresolved issues, right? What
6 would that settlement look like if I were to enforce it? How
7 would I go about doing that?
8 MS. GEST: Sure. There are only two material terms in
9 the settlement. It's that, in exchange, in relief for the
10 pending claims, the defendants are paying plaintiff $180,000
11 and the joint stipulation will be filed.
12 So plaintiff is trying to argue that all the other
13 terms are material, though they are not.
14 And Jessica Scheller will speak a little bit more to
15 this.
16 THE COURT: Ms. Scheller.
17 MS. SCHELLER: Good morning, Your Honor. Assistant
18 State's Attorney Jessica Scheller. The agreement we would like
19 enforced is the two material terms that were agreed upon by the
20 parties on October 3rd and were memorialized in the documents
21 we've given to the Court on October 4th, which are $180,000 and
22 the entry of a stipulation outlining the governance of the
23 board of review. We are not seeking confidentiality or any
24 other terms, just a general relief in response to those two
25 items of consideration to which the plaintiff has already

1  agreed.
2          THE COURT:  So, in essence, if you win, if the
3  settlement is enforced, then Mr. Calabrese wins on certain
4  issues, including the lack of a confidentiality provision,
5  right?
6          MS. SCHELLER:  Correct, Your Honor.  Correct.  In
7  fact, I would argue that we couldn't even enter into a
8  confidentiality provision because we're a public body subject
9  to FOIA.  So while that may have been traded around in a draft,
10 that's certainly not a material term.  It's not something we
11 thought, and it's not something we want.
12         THE COURT:  Okay.  And in terms of the issue of --
13 Right?  The issue that seems to have set things off or made
14 things go sideways, the issue of rehiring.  What would that
15 enforcement look like?  Again, if you are correct on your
16 motion, what would be the status of that issue?
17         MS. SCHELLER:  Well, Your Honor, we negotiated a
18 settlement agreement that did not include reinstatement; but if
19 we were to get into the arguments about whether injunctive
20 relief on that point was necessary, I can certainly do that.
21 But that was not a material term of the settlement.  It is not
22 even possible.  This position was offered to someone else on
23 November 5th and has been accepted.  That person is expected to
24 start on December 2nd.
25         So reinstatement was never contemplated by the parties

1  in terms of settlement.  It was a material term that we
2  rejected.  And Mr. Calabrese and his counsel elected to move
3  forward with the monetary settlement with us, and we reached
4  terms on it.  So reinstatement is not --
5         THE COURT:  Ms. Scheller, what about the issues that
6  Mr. Custardo is going to say are major issues, critical issues,
7  issues regarding defamation, issues regarding do-not-hire list,
8  et cetera?  What would the result be if you're right?
9         MS. SCHELLER:  If I'm right, the same material terms
10 apply as did when we reached our agreement.
11        To the extent there was some subsequent act pursuant
12 to which Mr. Calabrese has an action, he can certainly file
13 one.  We don't believe there has been such an agreement or --
14 or such an act.  However, anything that predated the settlement
15 would certainly be released.
16        THE COURT:  Okay.  Mr. Custardo, again, this is what
17 he wants.  Obviously, I'm going to take it under advisement.
18 I'm going to set a briefing schedule.  There has already been
19 briefing, but I'm going to direct the parties to, again,
20 address the legal issues more robustly.  If the parties don't
21 do that, then it won't be helpful.
22        But I'm going to direct the parties to file a reply
23 and a surreply, again engaging with the actual legal question
24 here.  But, Mr. Custardo, I'm not in a position to deny it or
25 grant it today.  So, in essence, Mr. Calabrese does not get

1   $180,000, does not get a preliminary injunction entered, and I
2   understand that it's a very important case to the attorneys and
3   to him and to the parties, but I've got 300 other very
4   important cases, too. So it's not something that I will turn
5   to immediately. And this is what he wants.
6           MR. CUSTARDO: I understand, Your Honor. You know, I
7   think it -- it does make more sense to brief everything more
8   robustly before the Court rules on anything.
9           THE COURT: Okay. And, of course, the parties are
10  free at any point and I'll direct the parties before we get a
11  reply to confer again to see whether they can reach an
12  agreement on the case.
13          Ms. Scheller, how much time do you need to file a
14  reply?
15          MS. SCHELLER: Given the holiday, Your Honor, we would
16  request 14 days if that's acceptable.
17          THE COURT: All right. Fourteen days and seven days
18  takes us to 12/10 and 12/17, and I will rule electronically on
19  the motion. I will not rule on the motion for preliminary
20  injunction and TRO. I'll rule on the motion to enforce
21  settlement after it's fully briefed.
22          And, again, if the parties are able to reach -- if
23  both parties agree they've reached a settlement, please let me
24  know so I can turn my attention to other cases and other
25  motions.

1                Anything else today?

2                MR. CUSTARDO:  Not for plaintiffs, Your Honor.

3                MS. SCHELLER:  Not for defendant.

4                MS. BUNTIC:  No, Your Honor.

5                MS. SCHELLER:  Thank you.

6                THE COURT:  Thank you.

7                MR. CUSTARDO:  Thank you, Your Honor.

8           (Proceedings concluded.)

9                          * * * * *

10      I certify that the foregoing is a correct transcript of the

11   telephonic motion hearing in above-entitled matter.

12

13   _/s/ ANGIE PHIPPS_____      _December 3, 2024_
     ANGIE PHIPPS, RMR, CRR, FCRR
14   Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25